United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 23, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 17-36709 |
| COBALT INTERNATIONAL | § | |
| ENERGY, INC., *et al.*, | § | CHAPTER 11 |
| | § | |
| Debtors. | § | |
| | § | |
| NADER TAVAKOLI, ACTING | § | |
| SOLELY IN HIS CAPACITY AS | § | |
| PLAN ADMINISTRATOR OF | § | |
| COBALT INTERNATIONAL | § | |
| ENERGY, INC, ET AL., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 22-3340 |
| | § | |
| KEVIN M. EPSTEIN, AS | § | |
| UNITED STATES TRUSTEE | § | |
| FOR REGION 7, *et al.*, | § | |
| | § | |
| Defendants. | | |

## MEMORANDUM OPINION

Nader Tavakoli, acting solely in his capacity as the Plan Administrator of Cobalt International Energy, Inc., *et al.* commenced this adversary proceeding to recover amounts the Debtors and Plan Administrator were (allegedly unconstitutionally) required to pay to the United States Trustee Program. ECF No. 1 at 2. The Defendants are Tara Twomey, a Director of the Executive Office for U.S. Trustees, and Kevin M. Epstein, as U.S. Trustee for Region 7.

The statute requiring the Chapter 11 debtors' fees was found unconstitutional by the U.S. Supreme Court in *Siegel v. Fitzgerald,* 596 U.S. 464 (2022). "Having found a constitutional wrong, [the Supreme

Court] then faced the question of how to remedy it. [The Supreme Court] acknowledged three options" in *Siegel*, but ultimately did not resolve the question. *Off. of U.S. Trustee v. John Q. Hammons Fall 2006, LLC*, 144 S.Ct. 1588, 1594 (2024). Those three options were: (i) refund the fees for the overcharged debtors; (ii) retroactively extract higher fees from the comparatively undercharged debtors; and (iii) require only prospective fee parity. *See Siegel,* 596 U.S. at 480.

The parties filed cross-motions for summary judgment, with each side arguing what would be the appropriate remedy for the constitutional violation found in *Siegel*. Plaintiff Tavakoli argued for a refund, ECF No. 40 at 6, whereas Defendants Twomey and Epstein argued for prospective relief as provided for by subsequent Congressional action. ECF No. 39-1 at 26.

On September 29, 2023, the Supreme Court granted certiorari in *Office of the U.S. Trustee v. John Q. Hammons Fall 2006 LLC* to answer *Siegel's* remedy question. The Court stayed this adversary proceeding pending the Supreme Court's decision in *Hammons*. ECF No. 47.

On June 14, 2024, the Supreme Court issued its decision. It determined: "the appropriate remedy is prospective parity. Requiring equal fees for otherwise identical Chapter 11 debtors going forward comports with congressional intent, corrects the constitutional wrong, and complies with due process." *Hammons*, 144 S. Ct. at 1592.

Summary judgment is denied for Tavakoli. The Supreme Court has ruled against the relief he seeks. Summary judgment is granted in favor of Defendants Twomey and Epstein.

A separate order will be entered.

SIGNED 08/23/2024

_____
Marvin Isgur
United States Bankruptcy Judge